**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 6, 2024

Bruce E. Jameson
J. Clayton Athey
John G. Day
Mary S. Thomas
Christine N. Chappelear
Prickett, Jones & Elliott, P.A.
1310 North King Street
Wilmington, Delaware 19801

Eric A. Veres
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807

>        Re:  *Kuramo Capital Management, LLC, et al. v. Seruma, et al.*,
>              C.A. No. 2021-0323-KSJM

Dear Counsel:

On April 30, 2024, I issued a Post-Trial Memorandum Opinion in this action (the "Opinion").[1] In the Opinion, I gave the parties leave to submit letters identifying any arguments or claims that they believed were fairly raised but that the Opinion did not address.[2] I further instructed the parties to summarize those claims or arguments, identify where they were first raised, and state where in the briefs and pleadings they were developed.[3]

---

[1] C.A. No. 2021-0323-KSJM, Docket ("Dkt.") 308; *Kuramo Cap. Mgmt., LLC v. Seruma*, 2024 WL 1888216 (Del. Ch. Apr. 30, 2024). Defined terms used in this decision have the same meaning ascribed to them in the Opinion.

[2] *Kuramo*, 2024 WL 1888216, at *43.

[3] *Id.*

In response, Kuramo asked that I resolve the question of what remedies flow from the Nile Parties' breach.[4] And the Nile Parties asked that I address their entitlement to management fees and the proper source of collateral for the 2020 Bridge Loan.[5]

## A.    Kuramo's Request

Kuramo asks that I address "what remedy should follow from Seruma's/Nile's adjudicated-to-be wrongful refusal to comply with Kuramo's February 10, 2021 exercise of its contractual redemption rights?"[6] Kuramo also proposes an answer— an order "compelling Seruma to redeem Kuramo's interest in both KN Agri and Nile Global in-kind."[7]

Kuramo identified and developed this issue in their briefs and pleadings. Kuramo asked in its amended proposed joint pre-trial order for "an order compelling Seruma to redeem Kuramo's interests in both KN Agri and Nile Global in-kind."[8] And in its post-trial opening brief, Kuramo argued that an in-kind redemption is the "only means of remedying Seruma's wrongdoing."[9]

---

[4] Dkt. 311 ("Kuramo's Opening Ltr.") at 1.

[5] Dkt. 314 ("Nile Parties' Opening Ltr.") at 1.

[6] Kuramo's Opening Ltr. at 1.

[7] Kuramo's Opening Ltr. at 4 (quoting Dkt. 263 ¶¶ 59(b), 61(e)).

[8] Dkt. 265 ¶ 59.

[9] Dkt. 290 at 141.

Kuramo bases its request for an order compelling in-kind redemption of its KN Agri and Nile Global interests on its February 2021 demand for redemption[10] and Section 15.6 of the Amended Nile LLC Agreement. [11]  The Nile Parties oppose this based on the language of the Amended Nile LLC Agreement.  They argue that if Kuramo is entitled to redemption, then that redemption can only be in cash and must occur at the Nile level as opposed to the KN Agri or NGFF level.[12]

The Amended Nile LLC Agreement does not clearly support Kuramo's position. Under Delaware law, an LLC member has "no interest in specific company property."[13] Section 13.10 of that agreement governs redemption; it does not provide for redemption in kind.[14]  The agreement contemplates distributions, governed by Article X and defined to "includ[e] distributions upon liquidation."[15]  The agreement provides that distributions "shall be made to each Member as outlined in Exhibit B."[16] Exhibit B states that "Distributions to Members" "will be subject" to certain "terms and conditions," including Nile's ability to "secur[e] the funding" and otherwise

---

[10] JX-1270.

[11] JX-7 ("Amended Nile LLC Agreement") § 15.6; Dkt. 256 at 72; Dkt. 290 at 4–6, 90, 124–125; *see also* Dkt. 296 at 64, nn. 298–99; Opinion at 7–8 (discussing drafting history of § 15.6).

[12] Dkt. 316 at 2.

[13] 6 *Del. C.* § 18-701; *see also* JX-7 § 8.7.

[14] JX-7 § 13.10.

[15] JX-7 Art. X & § 1.

[16] JX-7 § 10.1 (distributions); *see also id.* § 10.2 (limitations on distributions), § 12.4 (tax related limitations on distribution), § 13.9 (lockup period), § 13.10 (redemptions).

complete a distribution on a "best efforts [basis] within six months."[17]  Section 15.6 does not contradict these provisions nor expressly permit a distribution in kind. Rather, it imposes penalties on Kuramo for attempting to redeem its assets before the lock up period expires.[18]

Although the plain language of the agreement favors the Nile Parties' position, there is an argument that the equities favor Kuramo.  As I stated in the Opinion, "[o]nce a fiduciary breach has been established, this court's powers are complete to fashion any form of equitable and monetary relief as may be appropriate."[19]  Further, "Delaware law dictates that the scope of recovery for a breach of the duty of loyalty is not to be determined narrowly."[20]

Here, however, Kuramo did not meaningfully grapple with why the court should grant its requested relief despite the plain language of the contract.  That is forgivable to a degree, in light of the unwieldly number of issues litigated.  Given that Seruma breached his fiduciary duties, and the remedy for such cause of action is not to be determined narrowly, Kuramo has one more shot at this.  The parties are granted leave to submit cross opening and cross responsive briefs.  Please confer on a briefing schedule that completes briefing by mid-October.

---

[17] JX-7 Ex. B.

[18] JX-7 § 15.6.

[19] Opinion at 89 (quoting *In re Dole Food Co., Inc S'holder Litig.*, 2015 WL 5052214, at *44 (Del. Ch. Aug. 27, 2015) (cleaned up)).

[20] *Id.* at 89 (quoting *Thorpe v. CERBCO, Inc.*, 676 A.2d 436, 445 (Del. 1996)).

B. **The Nile Parties' Requests**

The Nile Parties ask that I address: "(i) Kuramo's misappropriation of the Nile Fund Parties' management fees, and (ii) the proper source of collateral for the 2020 Bridge Loan."[21] Because the Nile Parties neither identified nor developed the second issue, I do not reach it. The Nile Parties argue my findings that they breached the 2020 Bridge Loan Agreement and that Mpala remains ring-fenced in KN Agri Series C raised a new issue.[22] Specifically, whether Mpala is encumbered by the 2020 Bridge Loan.[23] The briefs and pleadings are silent as to this issue. The Nile Parties could have raised this issue in briefing—they did not.

I will address the first issue only, which the Nile Parties identified and developed in their briefs and pleadings. The Nile Parties ask that I address their contention that they are entitled to management fees.[24] The Opinion found that the Nile Parties breached the fiduciary duties owed to Kuramo by misappropriating its investment to benefit Seruma. "[W]hen a fiduciary engages in 'acts of conscious wrongdoing and breaches of a fiduciary duty of loyalty,' the wrongdoer must 'disgorge

---

[21] Nile Parties' Opening Ltr. at. 1.

[22] *Id*. at 3–4.

[23] *Id*. at 3–5.

[24] *Id*. at 2–3.

any profit made as a result of such wrongful conduct.'"[25]  The Nile Parties' breaches

mean that they are not entitled to management fees.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[25] *Metro Storage Int'l LLC v. Harron*, 275 A.3d 810, 865–66 (Del. Ch. 2022) (quoting *Pike v. Commodore Motel Corp.*, 1986 WL 13007, at *3 (Del. Ch. Nov. 14, 1986), *aff'd*, 529 A.2d 772 (Del. 1987) (TABLE)).